<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL ANGEL SANCHEZ SANTA MARIA, Petitioner, v. LUIS SOTO, *et al.*, Respondents | No. 26cv1709 (EP)  **OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Miguel Angel Sanchez Santa Maria's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, D.E. 1, "(Petition"), seeking release from alleged unlawful detention by immigration authorities. Respondents filed an answer to the Petition. D.E. 5 ("Answer"). Petitioner filed a reply brief. D.E. 6 ("Reply"). The Court, having reviewed all pleadings and supporting documents, and having determined that oral argument is unnecessary, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78. l(b), finds that Petitioner is unlawfully detained and entitled to release.

**I.   BACKGROUND**

Petitioner, a citizen of Peru, was encountered by U.S. Border Patrol at or near San Luis, Arizona on December 16, 2022, after entering unlawfully. Answer; D.E. 5-1, Ex. A ("Form I-213") at 1-2. He was processed for expedited removal and found to have a credible fear of persecution. *Id.* at 2. On February 28, 2023, Petitioner was released on his own recognizance and served with an I-862 Notice to Appear. *Id.* Petitioner does not have any dependents, and he does not have a criminal history. *Id.* Petitioner was arrested by Immigration and Customs Enforcement ("ICE") on February 18, 2026, pursuant to a warrant, form I-200. *Id.*

Petitioner contends he is unlawfully detained without a bond hearing in violation of his Fifth Amendment right to due process and the Administrative Procedure Act.  Petition ¶ 13.  Respondents submit they have detained Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2) because he unlawfully entered the United States on May 11, 2024 without admission or parole.  Answer at 2; D.E. 5-2, Ex. B ("Feb. 28, 2023 Notice to Appear.")[1]  Respondents also acknowledge that their answer to this Petition relies on the same statutory-interpretation arguments made in prior § 1225(b)(2) matters in this district, and the Petition asserts facts similar to those prior cases.  Answer at 3.  In his Reply, Petitioner contends he is not an "applicant for admission" pursuant to 8 U.S.C. § 1225(b).  Reply at 1.  He further contends his immediate release is the appropriate remedy for violation of his constitutional right to due process.  *Id*. at 2.

II.    DISCUSSION

A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States.  *Demore v. Kim*, 538 U.S. 510, 517 (2003).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence."  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).  District Courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant

---

[1] Contrary to the Answer, the February 28, 2023 Notice to Appear states Petitioner unlawfully entered the United States from Mexico on December 16, 2022.  He was paroled to an Alternate to Detention Program due to detention capacity limitations.  Feb. 28, 2023 Notice to Appear at 3.

2

equitable relief in the absence of an exclusive statutory review scheme. *Semper v. Gomez*, 747 F.3d 229, 242 (3d Cir. 2014).

### B. Petitioner is Unlawfully Detained Pursuant to 8 U.S.C. § 1225(b)(2)(A), in violation of his Fifth Amendment right to due process

Petitioner contends that Respondents deprived him of his Fifth Amendment liberty interest by arresting him and placing him in mandatory detention on February 18, 2026. Petition, ¶ 13. Respondents contend that although Petitioner was released on parole and subsequently re-detained, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Answer at 2. However, Respondents acknowledge that their answer to the Petition relies on the same statutory-interpretation arguments made, and rejected, in the prior § 1225(b)(2) matters in this district, and the Petition asserts facts similar to those prior cases. *Id.* at 3. For the same reasons stated in *Lomeu v. Soto*, No. 25cv16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025), and the cases in this district acknowledged by Respondents as contrary to their statutory interpretation, Answer at n. 1, the Court holds Petitioner's mandatory detention under § 1225(b)(2) violates the statute and Petitioner's right to due process under the Fifth Amendment. Petitioner contends that the only proper remedy is his release. Reply at 1-2. The Court agrees. *See, e.g.*, *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("given the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before detaining him—any post-deprivation review by an immigration judge would be inadequate"); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("the habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.")

3

## III.   CONCLUSION

Petitioner is unlawfully detained under § 1225(b)(2).  His constitutional right to due process requires his release from unlawful detention.  If Respondents subsequently arrest Petitioner by warrant under § 1226(a), they must afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).  The Court will **GRANT** the Petition.  Respondents shall release Petitioner by 5:00 p.m. on March 10, 2026.

An appropriate Order follows.


Dated: March 9, 2026

*Evelyn Padin*
Evelyn Padin, U.S.D.J.